FILED

13 OCT 22 PM 1:32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DARNELL DIXON,<br><br>                Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                Respondent. | Civil No.    13-2494 BEN (DHB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to either pay the $5.00 filing fee or move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d

828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. (*See* Pet., ECF No. 1.) If Petitioner has raised his claims in the California Supreme Court, he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and

1  rules governing filings."). However, absent some other basis for tolling, the statute of
2  limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533
3  U.S. 167, 181-82 (2001).

4      Rule 4 of the Rules Governing Section 2254 Cases provides for summary
5  dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any
6  exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."
7  Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is
8  not presently entitled to federal habeas relief because he has not alleged exhaustion of
9  state court remedies.

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

11      Additionally, in accordance with Rule 4 of the rules governing § 2254 cases,
12  Petitioner has failed to allege that his state court conviction or sentence violates the
13  Constitution of the United States.

14      Title 28, United States Code, § 2254(a), sets forth the following scope of review
15  for federal habeas corpus claims:

16  > The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a
17  > person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or
18  > treaties of the United States.</u>

19  28 U.S.C. § 2254(a) (emphasis added); *see also Hernandez v. Ylst*, 930 F.2d 714, 719
20  (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole*
21  *v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable
22  federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in
23  custody pursuant to a "judgment of a State court" <u>and</u> that he is in custody in "violation
24  of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

25      Here, Petitioner states the trial court committed error by sentencing him
26  consecutively: "consecutive sentences are not mandatory under three strikes law in
27  sentencing defendant who is prior felony offender and who is convicted of multiple
28  currently felony offenses if multiple current felonies were committed on same occasion

1 | or arise from same set of operative facts," and "the passing of prop. 36." (*See* Pet. at 3.)
2 | In no way does Petitioner claim he is "in custody in violation of the Constitution or laws
3 | or treaties of the United States." 28 U.S.C. § 2254.

## CONCLUSION

For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than December 23, 2013**: (1) pay the $5.00 filing fee **OR** submit a motion to proceed in forma pauperis; **AND** (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. ***The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form and a blank First Amended Petition form together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: 10/21/13

HON. ROGER T. BENITEZ
United States District Judge